# S. RAMIREZ & COMPANY, Plffs.,

*v.*

# VILLATE & COMPANY, Dfts.

---

San Juan, Law, No. 489.

1. The court has power, during the term, to order the plaintiff in judgment to remit the amount found by the verdict, not justified by the proof.

2. This is so although execution had issued and had been satisfied, the money paid to plaintiff, and no motion for new trial filed within the time required by rule of court.

Opinion filed February 1, 1908.

### S. Ramirez & Co. v. Villate & Co.

*Mr. Henry F. Hord,* attorney for plaintiffs.

*Messrs. Poventud, Benitez, & Massari,* attorneys for de-
fendants.

RODEY, Judge, delivered the following opinion:

This was a case where plaintiffs sued the defendants for a
lot of rice sold to them, and which the defendants refused to
pay for, although they kept it in their establishment, on the
ground that it did not come up to sample.

A trial was had before the court and a jury on November
9, 1907. Plaintiffs proved that, out of the lot of rice which
they sold the defendants, they only finally delivered 403 .
pockets; that the contract price was $3.65 per pocket, which
would amount to $1,470.95; but plaintiffs claim that because
defendants did not pay for it, and as the market had gone up,
it was worth, at the time of delivery, a much higher price,—
in fact, $4.50 per pocket; that defendants should pay the
sum, therefore, of $1,813.50; and this is what they claim in
their complaint.

On the trial they proved that the market price at the time
of delivery was $3.90; and, in his argument to the jury, coun-
sel for plaintiffs waived any further claim, and specifically
asked the jury to return a verdict for $3.90 per pocket, which
would make $1,571.70, and he claimed judgment for this
amount, with interest and costs. Immediately after this state-
ment made by counsel, the court instructed the jury as follows:

"You are instructed, gentlemen, that the plaintiffs claim
only for the 403 pockets which they claim they delivered to
the defendants, but they claim that they are entitled to get

S. Ramirez & Co. v. Villate & Co.

the market value, which they claim is $3.90 per pocket for the rice instead of $3.65, which it was sold at under the contract, because of the defendants refusing to receive the balance. And therefore, if you find that the 403 pockets were accepted as up to contract, or that they were in fact up to contract, and ought to have been accepted, then you will find for the plaintiffs," etc.

The jury brought in a verdict in the simple form: "We, the jury, find for the plaintiffs, and assess their damages at the sum of $1,813.50, interest and costs."

Nobody noticed that, under the evidence in the case and the claim of counsel for plaintiffs, made in argument, as well as under the instructions of the court, this was $241.80 too much, and that the proper amount should have been $1,571.70, as aforesaid, with interest and costs. On November 18th, the defendants filed a motion for a new trial, and about this time this discrepancy was discovered. In the meantime plaintiffs had caused an execution to be issued, and the defendants paid the entire judgment.

Counsel for plaintiffs now comes in, and, in an elaborate brief, resists the efforts of the defendants to have this amount refunded, and cites a lot of law which he claims is mandatory on the court to force it to do this injustice, because he says that, after four days, the motion for a new trial could not have been filed.

The same term at which this judgment was rendered is still open, and the court has complete control of its record, and it does not believe that the law obliges it, and therefore it will not permit such a palpable injustice as this to be done; and unless the plaintiffs will come into court within five days after the

III. Porto Rico—22.

S. Ramirez & Co. v. Villate & Co.

filing of this order and remit $241.80 of the judgment, and pay the same into court, for the use of the defendants, out of what they have collected, a new trial will be granted, and it is so ordered.